IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FUSARINI, | ) | Civil Action No. 2:23-cv-293 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART, INC., WAL-MART STORES EAST, L.P., and JEROME FARKASOVSKY, | ) ) ) | A JURY TRIAL IS DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

AND NOW, comes the Plaintiff, John Fusarini, by and through his attorney, Gianni Floro Esquire, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1332 (Diversity of Citizenship). The claims for relief and causes of action alleged herein arise under the laws of the Commonwealth of Pennsylvania. The various acts and omissions alleged herein were engaged in and carried out by WAL-MART, INC. and WAL-MART STORES EAST, L.P., both residents of Arkansas, and Jerome Farkasovsky, a resident of Pennsylvania as an employee of WAL-MART, INC. and/or WAL-MART STORES EAST, L.P.. The claims for relief and damages suffered by the Plaintiff are in excess of seventy-five thousand dollars ($75,000.00), excluding, costs and interest and penalties, including punitive damages.

2. This is an action for occurrences in Beaver County, Pennsylvania. Venue is proper under 28 U.S.C.A. § 1391(b)(2); as the claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

3. The Plaintiff, John Fusarini, is an adult male individual residing in at 411 Delaware Avenue, Apt. 2A, Rochester, PA 15074.

4. The Defendant, Wal-Mart, Inc., is a corporation with an address at 702 Southwest Eighth Street, Bentonville, AR 72712, that owns retail stores throughout the United States of America, including numerous locations in the Commonwealth of Pennsylvania, including specifically the store out of which the matters complained of arose, Wal-Mart Supercenter #4643, located at 1500 Economy Way, Baden, PA, 15005.

5. The Defendant, Wal-Mart Stores, East L.P., is a Limited Partnership with an address of 601 N. Walton Boulevard, Bentonville, AR 72712, that owns retail stores throughout the Eastern United States of America, including numerous locations in the Commonwealth of Pennsylvania including Walmart Supercenter #4643, located at 1500 Economy Way, Baden, PA, 15005.

6. At all times relevant hereto, the Defendants acted through their agents, servants and employees acting in the course and scope of their employment, including "Walmart Asset Protection" person Jerome Farkasovsky.

7. The Defendant, Jerome Farkasovsky, is an adult individual who is employed by Walmart Asset Protection with a work address of 400 Three Springs Drive, Weirton, WV. Walmart Number 1498; and a residential address of 1405 Sampson Street, Conway, Pennsylvania 15027.

8. Mr. Farkasovsky made the statement at issue herein complained, in the scope and course of his employment with the Defendants, Wal-Mart, Inc. and Wal-Mart Stores, East L.P.

9. At all times material hereto, the Defendants, Wal-Mart, Inc. and Wal-Mart

Stores, East L.P., acted through their agents, servants and employees acting in the course and scope of their employment.

## FACTUAL ALLEGATIONS

10. On or about November 19, 2021 the Plaintiff, John Fusarini traveled to Walmart Supercenter #4643 to return a malfunctioning DVD Player with the receipt attached to it; he had bought at a different Walmart location after being gifted the money for the purpose of buying a DVD Player by his Aunt Nancy for his birthday on or about one week prior to his birthday, November 22.

11. Upon arrival of Mr. Fusarini into the store, he requested that Walmart accept the return, or exchange the product with a functioning unit, and his request was denied due to a lack of the original packaging.

12. Mr. Fusarini did not agree with the conclusion of the Walmart store employee and the two argued about the issue.

13. Mr. Fusarini then requested if the employee had a garbage can for the DVD Player to be placed in, and the Walmart Store employee just stood there; then, Mr. Fusarini calmly placed the DVD Player on the ground and stepped on it, causing the DVD Player to break apart; and he calmly stated, "[n]ow at least I know you won't be returning it after I leave."

14. At that point, the Walmart employee contacted store security to escort Fusarini out of the store, to which Fusarini obliged calmly and without incident.

15. Around three weeks later Mr. Fusarini was contacted by his Aunt, who asked about the gift she had sent him; and Mr. Fusarini was upset that he had to tell her it was the perfect gift (even though it had not functioned, and the Defendants refused to accept the return).

16. On or about December 6, 2021, Mr. Fusarini called Walmart Customer Service in

regards to his experience with Walmart Store #4643.

17. During the course of the phone call, Mr. Fusarini was displeased with their lack of acceptance of his return and requested to be transferred to the Walmart Legal Department to which his request was denied.

18. Mr. Fusarini informed the Walmart employee that he intended on suing Walmart for the implied warranty for the DVD Player, and therefore once again requested to speak to the Legal Department.

19. Mr. Fusarini is alleged by the Walmart Defendants' agent, servant and employee, Jerome Farkasovsky, acting in the course and scope of his employment, and whom was authorized by those Defendants to have said that Mr. Fusarini said he was going to "shoot everyone in the store." Mr. Farkasovsky, of "Walmart Asset Protection," alerted local authorities to what he falsely claimed Mr. Fusarini said.

20. In his report to the authorities, Mr. Farkasovsky alleged that Mr. Fusarini made a threat to "[s]hoot everyone in the store."

21. That allegation was, and is, materially false.

22. The report caused local authorities to obtain a 302 warrant, which was served on December 8, 2021.

23. On that date, Mr. Fusarini was taken into custody at this apartment, without incident.

24. Mr. Fusarini was then turned over to another department.

25. At Heritage Valley Beaver, according to the Affidavit of Probable Cause, Mr. Fusarini was tazered twice "for being combative." He remained there for evaluation on the 302 warrant.

26. On December 10, 2021, ultimately, Mr. Fusarini was charged for his alleged conduct on December 6, 2021 with Terroristic Threats under violation of section 2706 (a)(3) of the PA Crimes Code, graded as a felony in the third degree with maximum imprisonment of which is not more than seven years if found guilty per Crimes Code of Pennsylvania (potentially even having been grades as a Felony in the Second Degree with maximum imprisonment of which is not more than ten years if found guilty per Crimes Code of Pennsylvania )/Misdemeanor in the 1st degree with maximum imprisonment of which is not more than five years if found guilty per Crimes Code of Pennsylvania  in the Police Criminal Complaint; as well as for his alleged conduct on said date with Disorderly Conduct in violation of Section 5503(a)(4) of the PA Crimes Code. graded as a misdemeanor in the third degree with maximum imprisonment of which is not more than one year if found guilty per Crimes Code of Pennsylvania in the Police Criminal Complaint.

27. Ultimately, Mr. Fusarini pleaded guilty to a Summary Disorderly Conduct for his conduct on November 19, 2021; as he was found by the police to have not made the statements that Mr. Farkasovsky reported to the police that he purportedly made on December 6, 2021, and those more serious charges were dismissed, whihc resulted in a favorable termination in his favor.

28. On February 24, 2022, the affiant of the Affidavit of Probable Cause, upon hearing the tape of the incident, immediately withdrew the charges against Mr. Fusarini, *i.e.*, Terroristic Threats under violation of section 2706 (a)(3) of the PA Crimes Code, graded as a felony in the third degree (potentially even having been grades as a Felony in the Second Degree)/Misdemeanor in the 1st degree in the Police Criminal Complaint; as well as for his alleged conduct on said date with Disorderly Conduct in violation of Section 5503(a)(4) of the

PA Crimes Code. graded as a misdemeanor in the third degree in the Police Criminal Complaint.

COUNT I:
John Fusarini v. Walmart, Inc., Walmart Stores East L.P. and Jerome Farkasovsky
<u>MALICIOUS PROSECUTION</u>

29. Paragraphs 1 through 28 are incorporated by reference as though fully set forth at length herein.

30. Mr. Fusarini claims damages and injuries against the Defendants for the false statement made to the police.

31. Mr. Farkasovsky, as the other Defendants' agent, servant and employee, and acting in the course and scope of his employment, and whom was authorized by the other Defendants to make such statements, made the false statement to the police, resulting in Mr. Fusarini being charged with a more serious offense and garnering his incarceration, and deprivation of his liberty interest.

32. At all times relevant hereto, Mr. Fusarini had the right to be free from prosecution without probable cause, including freedom from Mr. Farkasovsky's false staement made on behalf of .

33. The fabricated allegation of Walmart Asset Protection employee, Jerome Farkasovsky, caused the police to levy *the more dramatically serious charges* of Terroristic Threats (F3 (or F2)) and Disorderly Conduct (M1), both for his conduct of December 6, 2021.

34. As a result of the lie, Mr. Fusarini was made to be evaluated and detained, *i.e.*, and ultimately suffering a 302 commitment, as he had been incensed by the false allegation made against him.

35. As a result of the lie, Mr. Fusarini was made to be incarcerated, being made to make bond of $7,500.00, and suffered all those inconveniences from being institutionalized,

incarcerated and forced to spend time under the threat of serious felony and misdemeanor charges, for crimes he did not commit.

36. Ultimately, once law enforcement listened to the tape recorded call Mr. Fusarini made to Walmart Customer Service, they concluded that the Mr. Farkasovsky fabricated his statement to them.

37. By the conduct set forth above, the Defendants intentionally and recklessly caused a criminal prosecution to be initiated against Mr. Fusarini.

38. Specifically, the defendants sought to have the felony criminal charges filed against Mr. Fusarini by falsely stating that he made a threat to "[s]hoot everyone in the store."

39. As a result, Plaintiff had to endure, for the fourth time, the prospect of going to trial in order to prove his innocence.

40. Defendants acted with malice and furthered the prosecution of Plaintiff by providing false information, and/or withheld truthful information, all of which, if known, would have resulted in no prosecution or filing of criminal charges against the plaintiff about the occurrences of December 6, 2021.

41. As a result, the criminal charges against Plaintiff were terminated in his favor for the conduct of December 6, 2021; and the officer who listened to the tape recorded call Mr. Fusarini made to the Defendants, they concluded that the Mr. Farkasovsky fabricated his statement to them.

42. All Defendants acted without probable cause and in doing so acted maliciously for purposes other than that of bringing the matter to justice.

43. All defendants acted willfully and maliciously to improperly accuse Plaintiff falsely, and to harass, embarrass, and to cause great expense and injury to him.

44. As a result of the continuing advancement of the false claim by the Defendants, Mr. Fusarini has suffered severe damages.

45. A trial by jury is demanded.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally, in an amount substantially in excess of this Honorable Court's jurisdictional threshold, together with costs, trial by jury on all issues, punitive damages, and any other relief that this Court deems just and proper under the circumstances of this case.

COUNT II:
John Fusarini v. Walmart, Inc., Walmart Stores East L.P. and Jerome Farkasovsky
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff incorporates by reference Paragraphs 1 through 45 as though fully set forth at length herein.

47. As set forth above, the defendants have persisted in attempting to pin fabricated criminal charges on the Plaintiff through the use of their conceived falsehood.

48. The Defendants intentionally acted in an extreme and outrageous manner toward the Plaintiff.

49. Defendants' "strategy" of bringing and continuing the criminal charges by the Defendants despite an utter lack of evidence or facts, has caused the Plaintiff to suffer monetary damages and damages for mental anguish and humiliation.

50. As a direct and proximate result of the defendants' conduct as set forth above, Plaintiff has suffered severe emotional distress, mental suffering, mental anguish, sleeplessness, restlessness, anxiety, and depression.

51. The severe emotional distress suffered by Plaintiff as a result of the intentional

and outrageous actions by defendants was certain to occur, and foreseeable, and a reasonable reaction under the circumstances.

52. As a result of the foregoing, the Plaintiff has suffered the damages set forth herein.

53. As a result of the intentional conduct of the defendants, punitive damages are demanded of all Defendants, jointly and severally, and individually and collectively.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally, in an amount substantially in excess of this Honorable Court's jurisdictional threshold, together with costs, trial by jury on all issues, punitive damages, and any other relief that this Court deems just and proper under the circumstances of this case.

Respectfully submitted,

/s/ Gianni Floro
Gianni Floro, Esquire
PA ID No. 85837
Counsel for the Plaintiff
935 Beaver Grade Road, Suite 6
Moon Township, PA 15108
P: (412) 264-6040
F: (412) 264-2510
E: gfloro84@comcast.net